GRIFFIN, J.
This is the appeal of an order dismissing all claims against Continental Aerial Surveys, Inc. arising out of their alleged defective performance of a contract to produce aerial maps. For the reasons that follow, we reverse.
In 1992, the St. Johns River Water Management District and Seminole County [“appellants”] undertook a cooperative arrangement to obtain aerial maps for ninety-seven sections of land in Seminole County, Florida, at a total cost of $285,956.00. The bid documents for this project required execution of a “Certificate as to Corporation” certifying that:
The below Corporation is organized under the laws of the State of _, authorized by law to make this bid and perform all work and furnish materials and equipment required under the Contract Documents, ...
Out-of-state corporations were required to attach to the bid a copy of a certification from the Florida Secretary of State authorizing them to do business within the State of Florida.
A bid for this project was submitted in the name of “Continental Aerial Surveys, Inc.” which is the corporate name of a Tennessee corporation [“Continental of Tennessee”]. The bidder represented, however, that it was a Florida corporation and did not attach a certification from the Florida Secretary of State. The address of the corporate bidder was listed as 415 *306 Bartow Municipal Airport, Bartow, Florida 33830, which is the principal address of Continental Aerial Surveys of Florida, Inc., a related company [“Continental of Florida”]. The contract was awarded to Continental Aerial Surveys, Inc. At the time of award, appellants believed they were entering into a contract with a Florida corporation.
The scope of work under the contract consisted of production of ninety-seven aerial contour maps and overlays in digital form. Maps were to be developed by a process that included ground surveying of reference points, aerial overflights and photography with highly specialized equipment, and a photogrammetric process that utilized the established points of reference to derive the contour of the land based upon the aerial photographs. The contract was to be completed in 1995 but work continued well into 1996. Appellants contend that the maps produced were so inaccurate that the work was essentially worthless.
Appellants filed suit in 1998 against Continental of Florida, alleging breach of contract. In the course of discovery, appellants took the deposition of the Project Manager for the subject contract. Through this deposition, appellants claim to have discovered that Continental of Tennessee was the real party in interest in the performance of the contract and that Continental of Florida existed in name only.
Appellants filed a Third Amended Complaint alleging a variety of claims against Continental of Tennessee, including breach of contract, joint venture (with Continental of Florida) and fraud. According to the complaint, Continental of Tennessee performed a substantial portion of the work under the contract, including: (1) planning, (2) field control data capture, (3) compilation of the mapping plan, (4) editing, and (5) production of the final maps. The trial court dismissed the breach of contract claim based on appellants’ failure to show a meeting of the minds with Continental of Tennessee. The court also ruled that appellants failed to adequately allege ultimate facts to establish either the existence of a joint venture between the two corporate identities or fraud.
We reverse principally because the trial court erred in concluding that the allegations of the Third Amended Complaint showed a lack of mutual assent necessary to bind Continental of Tennessee (as opposed to Continental of Florida) to the contract. The trial court accepted Continental of Tennessee’s argument that because appellants had alleged that it believed it was contracting with Continental of Florida there could be no enforceable contract with Continental of Tennessee. There was no mutual assent or “meeting of the minds” since appellants were mistaken about who the party identified in the contract truly was. Appellants urge that since Continental of Tennessee was, in fact, the contracting party, no matter what appellants mistakenly believed, and since Continental of Tennessee undertook performance of the contract for several years to the tune of some $285,000 worth of work, appellants can surely sue them for their defective performance under the contract. Appellants point out that Continental Aerial Surveys, Inc., is the name on submitted bid, including the “Certificate as to Corporation” and the sworn statement on public entity crimes; (2) Continental of Tennessee executed the contract, including two amendments, in its corporate name; (3) Continental of Tennessee provided a State of Florida occupational license in its corporate name; (4) Continental of Tennessee provided certificates of insurance in its corporate name; and (5) Continental of *307 Tennessee received the payments made under the contract.
The flaw in the argument made by Continental of Tennessee, which the trial judge accepted, is that appellants’ mistake prevented the formation of a contract with Continental of Tennessee. Although older contract cases deal with mistakes concerning the identity of a contracting party in terms of contract formation, this issue is most correctly decided by applying the law of mistake. Joseph PeRillo, 7 Corbin on Contracts § 28.31, at 146 (rev. ed.2002); see also 67 Am.Jur. 2d Sales § 229 (1985). The concept of “mutual assent” or “meeting of the minds” best refers to the issue whether the parties reached a definite agreement, not whether both parties had the same understanding about the agreement. In the myriad of circumstances under which a mistake as to identity can arise, it is possible to conclude that no contract was formed, but more typically where one party simply is laboring under a mistake about who the other party really is, an otherwise legal contract is, at most, voidable by the mistaken party. See Restatement (Second) Contracts § 153 (1979) (“When Mistake of One Party Makes a Contract Voidable”). See Orkin Exterminating Co. v. Palm Beach Hotel Condo. Ass’n, Inc., 454 So.2d 697 (Fla. 4th DCA 1984). As explained in Comment G of section 153 of the Restatement:
Mistakes as- to the identity of a party have sometimes been treated as distinct from other mistakes, but the modern trend is to apply the rules applicable to other mistakes. Cf. Uniform Commercial Code 2-403(l)(a). Such a mistake is therefore subject generally to the rules stated in this Chapter and, since it is by its nature a mistake of only one of the parties, particularly to the rule stated in this Section.
If appellants misapprehended the identity of the corporation agreeing to perform under its contract, then, depending on specific factors, appellants might be relieved of the contract, but if appellants choose to proceed, the other party cannot avoid the contract on the basis of the appellants’ mistake. Corbin, supra.
The effect of the mistake on the viability of the transaction usually involves consideration of several factors, including the nature of the error, the cause of the error, its materiality to the transaction, the timing of its discovery, and the parties’ conduct upon learning of the mistake. In this case, there was a fully integrated agreement under which the parties operated and pursuant to which much work was produced over several years. To say there was no binding agreement between appellants and the other signatory to the contract on the basis of lack of mutual assent makes no sense. The question of who the other signatory was, based on the documents supplied by the Continental corporations, may be a remaining issue but there is no doubt that a contract was formed. If Continental of Tennessee was (as it appears to be) the other signatory, and if it failed to perform its contract properly, then appellants can sue Continental of Tennessee.
On this record, we are unable to say which entity, in fact, contracted with appellants, whether reformation should be available or whether either corporation is liable to appellants. We do say that appellants are not precluded from suing Continental of Tennessee for breach of contract simply because they assumed their contract was with Continental of Florida. We accordingly reverse the dismissal of appellants’ breach of contract claim and remand for further proceedings.
The second issue presented is whether appellants adequately alleged the *308 existence of a joint venture between Continental of Tennessee and Continental of Florida. In finding that appellants did not sufficiently plead the elements of joint venture, the trial court stated:
The Third Amended Complaint makes only conclusory allegations of a joint venture between Continental of Tennessee and Continental of Florida. While the Third Amended Complaint alleges that unknown to Plaintiffs Continental of Tennessee performed a substantial portion of work under the contract, it does not set forth allegations of ultimate fact establishing the existence of a contract, express or implied, between Continental of Tennessee, and Continental of Florida. Paragraphs 22 through 27 of the Third Amended Complaint, on which Plaintiffs rely to support their joint venture theory of liability, simple recite the legal elements of joint venture without alleging ultimate facts to support each element. There are no allegations as to exactly how Continental of Florida and Continental of Tennessee had a community of interest in the performance of the contract with the Plaintiffs, the nature of the joint propriety interest each had in the contract, the manner or degree of sharing of profits and the extent of any duty to share in losses. There are no allegations of the particulars of the joint venture contract between Continental of Florida and Continental of Tennessee. Accordingly, the Third Amended Complaint fails to adequately allege the existence of a joint venture contract ... and fails to allege a cause of action for breach of contract....
We agree with the trial court that the references in the complaint to the elements of joint venture are long on conclusions and short on facts, but the complaint and its attachments do contain enough to indicate that Continental of Tennessee was either the contracting party or was engaged as a joint venturer with Continental of Florida in performance of the contract. Since the case is to be remanded on the breach of contract claim, the St. Johns River Water Management District will have the opportunity to better plead this claim as well.[1]
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.

. We find no error in dismissal of the fraud claim.